284

Juan E. MILANÉS, Plaintiff,

v.

Eric H. HOLDER, Jr. and Rosa Emilia Rodríguez–Vélez, Defendants.

Civil No. 09–2132 (JAF).

United States District Court, D. Puerto Rico.

April 4, 2011.

Order for Sanctions April 26, 2011.

Lorenzo J. Palomares–Starbuck, Lorenzo Palomares PSC, San Juan, PR, for Plaintiff.

John A. Broadwell, United States Department of Justice, Shreveport, LA, Marina Utgoff Braswell, U.S. Attorneys Office for the District of Columbia, Washington, DC, for Defendants.

### *ORDER*

JOSÉ ANTONIO FUSTÉ, Chief Judge.

In this case, we again find ourselves concerned with the conduct of Plaintiff's counsel, Lorenzo J. Palomares–Starbuck ("Counsel"), before this court. *See Musa–Vega v. Rosario–Melendez,* No. 09–2003(JAF), 2010 WL 5110120, at *2 (D.P.R. Dec. 13, 2010) (identifying Counsel's clearly-erroneous assertion of law before this court and reminding him of his duty to refrain from misleading a federal court).

We view Counsel's conduct in the instant case as another example of his relentless pursuit of patently meritless claims. Here, Counsel has charged ahead with the multitude of claims alleged in the complaint (*compare* Docket No. 1 (complaint), *with* Docket No. 58 (pretrial report)), despite extensive discovery of evidence revealing his client's claims to be meritless under clear articulations of relevant law by this court, the First Circuit, and the U.S.

Supreme Court. In the face of such evidence, Federal Rule of Civil Procedure 11 requires Counsel to reevaluate the strength of his case and to assist the court in paring down the issues remaining for trial. *See* Fed.R.Civ.P. 11(b)(2) ("By presenting to the court a pleading, written motion, or other paper ... an attorney ... certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* ... the claims, defenses, and other legal contentions are warranted by existing law...." (emphasis added)). Instead, Counsel persisted in contorting the facts—throwing in every shred of irrelevant detail, each of more dubious probative value than the last—to make a case out of nothing. In addition, his argumentation takes an amorphous form, repeatedly lacking organization into intelligible legal points—assuming Counsel's competence, we can only take this as a tactic to obfuscate the real factual and legal issues at play. The result is a waste of countless hours of this court's and Defendants' time spent sorting through and responding to the arguments that Counsel, at best, carelessly constructed. The following are a few examples of the conduct that led us to these conclusions.

Throughout this litigation, Counsel alleged that Defendants were motivated by animus not prohibited by the statutes from which his client sought protection. For example, he alleged at various times that Defendant Rosa Emilia Rodríguez–Vélez favored those who were friends of hers over those who were not. (*See, e.g.,* Docket No. 58 at 4.) He also alleged that AUSA Jeanette Mercado micromanaged Plaintiff, alongside other attorneys in her unit, and that it was this management style that created the "hostile work environment" of which Plaintiff complained. (*Id.* at 5.) Indeed, his complaint about that management style was the basis for

the retaliation he claimed he suffered (*id.*)—retaliation on the basis of activity clearly unprotected by the statutes at issue in this case.

In his pretrial report, Counsel wrote the following:

[Plaintiff] asked for a transfer from AUSA Jose Ruiz, Chief of the Criminal Division, because AUSA Mercado [sic] management style had become unbearable and was affecting the performance of [Plaintiff]. Unlike the two female AUSA's who requested transfers, management deemed [Plaintiff's] transfer request as being a request for reasonable accommodation based upon a 'perceived disability' and requested that [Plaintiff] obtain medical records to support his request for a transfer.

(*Id.* at 5–6; *see also id.* at 13.) Counsel here fails to acknowledge clear evidence that the basis for Plaintiff's request was in part Mercado's management style but also his mental health. As detailed in our Opinion and Order dismissing this case, Ruiz proceeded with caution and expressly solicited Plaintiff's help in understanding the nature of his request. (*See* Docket No. 63 at 5–6.) Counsel's omission on this point is unacceptable and misleading. In addition, the offhand reference to the gender of other AUSAs who were previously transferred, an apparent stab at demonstrating gender bias, is a shred of ultimately irrelevant information tossed in without any real attempt to describe its relevance. (*See also, e.g.,* Docket No. 58 at 7 (maintaining that Plaintiff "learned that the [USAO] budget was not under constraint," despite substantial record evidence to the contrary); *id.* at 8–9 (stating that "the act of requiring and ejecting [Plaintiff] from his dwelling house, where his dependent children lived, was an unconstitutional act of unreasonable search and seizure, a taking of his right to remain

in the dwelling house," when these legal issues are irrelevant to the case)).

Following that excerpt, Counsel lists a string of events that he identifies as evidence of a "hostile work environment." (*Id.* at 6; *see also id.* at 14–16.) This long list of factual allegations—many of which Counsel failed to support with discovery evidence or to develop in terms of their actual relevance to the legal dispute despite Defendants' challenge to same (*see* Docket Nos. 36; 39)—remains unchanged at the pretrial stage from what it was in the complaint. (*See* Docket No. 1 at 12–14.) Failure to treat evidence with some level of care and sophistication, especially by a seasoned attorney and especially at this advanced stage in the litigation, unnecessarily increases the costs of litigation—both for the opposition and for the court.

In yet another example, Counsel states: "After the 2006–07 school year ended for [Plaintiff's] minor children, defendant Rosa Emilia Rodríguez–Vélez decided not to renew [Plaintiff's] employment benefit of providing schooling to his children, however, she continued to provide the benefit to her female friends. . . ." (Docket No. 58 at 6.) He makes this statement despite clear evidence that the schooling was never in fact offered to Plaintiff as a term of his employment and was never subject to renewal. (*See* Docket No. 63 at 4.) He also omits record evidence that males too had been granted the benefit at issue, and that subsequent to the benefit's discontinuation, both males and females were denied the benefit—most glaringly, Plaintiff's own wife, who was denied the benefit simultaneously with Plaintiff.

Examples of such careless argumentation abound. Counsel submitted a separate brief arguing that the affidavit of USAO Administrative Officer Lisa Western–Coale was a "sham affidavit" in that it was "clearly contradictory" to her prior deposition testimony. (Docket No. 48.) As we noted in our Opinion and Order (Docket No. 63 at 3 n. 5), the affidavit clarified rather than contradicted the prior testimony, during which Western asserted that she had no clear recollection of the matter and would have to check her records to be sure.

Finally, we detect a disturbing air of frivolity in the following exchange, captured on the record in the transcript of Plaintiff's deposition: "Q. Alright. What's with the alleged Anti–Cuban Animist [sic]? Did you just throw that one in? . . . Or, [Mr. Palomares–Starbuck], did you throw that on in? / Mr. Palomares: I threw that one in." (Docket No. 36–16 at 23.)

We find such behavior particularly troubling in this case, as in *Musa–Vega*, where we see a government defendant forced to spend public money and time defending meritless claims. In addition, and worse yet, we view these cases as a perversion of civil rights statutes intended to remedy serious societal ills. These are not statutes to be exploited for the apparent purpose of harassing a defendant or squeezing a settlement out of a clearly meritless case.

Given Counsel's pattern of conduct and his frequent appearances in this court, we find that some stringent reminder to Counsel to his duty to this court is appropriate. We, therefore, **ORDER** Counsel to **SHOW CAUSE, on or before April 14, 2011,** why sanctions under both Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 should not be assessed against him for the conduct described herein. A copy of this order will be sent to all active and senior judges, as well as magistrate judges, in this district.

**IT IS SO ORDERED.**

## ORDER

Plaintiff's counsel, Lorenzo J. Palomares–Starbuck ("Counsel"), responds to our order to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (Docket No. 65). (Docket No. 69.) Counsel's response does not convince us that he fulfilled his Rule 11 duties throughout this litigation. Nevertheless, we find that Counsel has acknowledged our detailed articulation of how his conduct appeared to fall short of Rule 11 compliance, and we find sufficient for now our public reprimand of that conduct. Counsel's future failure to comply with Rule 11 will result in sanctions and disciplinary proceedings.

A copy of this order will be sent to all active and senior judges, as well as magistrate judges, in this district.

**IT IS SO ORDERED.**